# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 545 MAL 2022
:
        Respondent : 
:
: Petition for Allowance of Appeal
: from the **Unpublished Order** of the
    v. : Superior Court at No. 386 MDA
: 2020 entered on September 9,
: 2020, **dismissing** the Judgment of
JAMES KEVIN SHATZER, : Sentence of the Franklin/Fulton
: County Court of Common Pleas at
        Petitioner : No. CP-28-CR-0002303-2017
: entered on October 22, 2020

## ORDER

**PER CURIAM**                            DECIDED:  June 6, 2023

      **AND NOW**, this 6th day of June, 2023, given the Superior Court's dismissal of Petitioner's appeal due to former counsel's failure to file an appellate brief, the Petition for Allowance of Appeal is **GRANTED**, the Order of the Superior Court is **VACATED**, and the matter is **REMANDED** to the Superior Court to establish a briefing schedule premised upon the Rule 1925(b) statement filed by Petitioner on March 23, 2020. *Cf. Commonwealth v. Holmes*, 79 A.3d 562, 577 (Pa. 2013) (allowing for consideration of an ineffectiveness claim on direct appeal where it is "both meritorious and apparent from the record so that immediate consideration and relief is warranted"); Pa.R.A.P. 1925(c)(3) (allowing an appellate court to remand for the appointment of new counsel and the filing of a Rule 1925(b) statement *nunc pro tunc* where it is clear that appellate counsel was *per se* ineffective in not filing the statement); Pa.R.A.P. 1113(d) (allowing a criminal defendant to file an application for *nunc pro tunc* relief, rather than proceed via the Post-Conviction Relief Act, where the defendant directed counsel to file a Petition for Allowance

of Appeal, but counsel did not timely do so).  The issues in Petitioner's Superior Court brief shall be limited to those identified in his Rule 1925(b) statement, as well any other non-waivable issues that counsel may identify.

Jurisdiction relinquished.